# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3218

_____

Zeira Yamileth Borjas Gonzales

*Petitioner*

v.

Todd Blanche,[1] Acting Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: February 9, 2026
Filed: July 14, 2026
[Unpublished]

_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

PER CURIAM.

Zeira Yamileth Borjas Gonzales petitions for review of the Board of Immigration Appeals' (Board) denial of her application for asylum, withholding of

---

[1]Todd Blanche is automatically substituted as respondent in place of Pamela Bondi pursuant to Federal Rule of Appellate Procedure 43(c)(2).

removal, and relief under the Convention Against Torture (CAT), as well as her request for humanitarian asylum.

## I.

Borjas Gonzales is a native and citizen of Honduras who entered the United States without proper documentation in October 2018. A month later, the Department of Homeland Security issued a Notice to Appear. Borjas Gonzales conceded removability but applied for asylum, withholding of removal, CAT relief, and humanitarian asylum.

At a hearing before the Immigration Judge (IJ), Borjas Gonzales testified that she suffered physical and sexual violence at the hands of two brothers in Honduras, which formed the basis for her application for relief from removal. As to her asylum claim, the IJ found that Borjas Gonzales had established past persecution but failed to establish that it had occurred on account of a protected ground. The IJ also concluded that she had not shown a well-founded fear of future persecution because she had not shown that relocating within Honduras to avoid the harm was unreasonable. Accordingly, the IJ denied the claim. The IJ similarly denied withholding of removal, explaining that an applicant who fails to meet the eligibility requirements for asylum necessarily cannot meet the higher standard of proof for withholding of removal, see Oxlaj v. Garland, 66 F.4th 1138, 1142 (8th Cir. 2023), and denied humanitarian asylum,[2] under Mejia Lopez v. Barr, 944 F.3d 764, 769 (8th Cir. 2019) (holding that humanitarian asylum is not available unless the petitioner makes "an initial showing of refugee status by connecting [their] past persecution to a protected ground").

Borjas Gonzales appealed to the Board, but she did not challenge the IJ's determination that she could relocate within Honduras to avoid future harm. Because

---

[2]The IJ also denied CAT relief. The Board deemed this claim waived on appeal, and Borjas Gonzales does not raise it in her current petition.

that finding was determinative of both her asylum and withholding of removal claims, the Board affirmed dismissal and declined to address Borjas Gonzales's challenges to any of the IJ's other findings. The Board also affirmed the denial of humanitarian aid and dismissed the appeal.

II.

"We review the [Board's] decision, as it is the final agency decision; however, to the extent that the [Board] adopted the findings or reasoning of the IJ, we also review the IJ's decision as part of the final agency action." Matul-Hernandez v. Holder, 685 F.3d 707, 710–11 (8th Cir. 2012).

In her petition, as in her appeal to the Board, Borjas Gonzales does not challenge the finding that she could internally relocate to avoid persecution. This uncontested finding is dispositive of her asylum claim, see 8 C.F.R. § 1208.13(b)(1)(i)(B) (directing IJ to deny asylum if "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . ."),[3] as well as her withholding of removal claim, see 8 C.F.R. § 1208.16(b)(1)(i)(B) (explaining that for purposes of withholding of removal, presumption of future persecution may be rebutted if the IJ finds "[t]he applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so").[4] Borjas Gonzales thus failed to meet her burden of proof for asylum or withholding of removal relief.

―――――――――――

[3]See also 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so.").

[4]See also 8 C.F.R. § 1208.16(b)(2) ("[An applicant for withholding of removal] cannot demonstrate that his or her life or freedom would be threatened if the asylum officer or immigration judge finds that the applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed

Borjas Gonzales also challenges the denial of humanitarian asylum, but she does not develop this argument, failing to explain how the agency erred by not granting this discretionary form of relief. See 8 C.F.R. § 1208.13(b)(1)(iii)(A)–(B). We consider this claim waived. See Cubillos v. Holder, 565 F.3d 1054, 1058 n.7 (8th Cir. 2008) (deeming an argument not developed on appeal to be waived).

III.

The petition is denied.

_____

country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so.").